# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JUANITA GARCIA,

        Plaintiff,

v.                                                                                                                                                                                                                                                                         No.  CV 15-00005 WJ/SCY

THE CITY OF FARMINGTON,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS AND CLAIMS PRECEDING THE SETTLEMENT AGREEMENT AND DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE COLLECTIVE BARGAINING AGREEMENT

      THIS MATTER comes before the Court upon Defendant The City of Farmington ("The City")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Or, In the Alternative, Motion for Summary Judgment Based Upon the Parties' Settlement Agreement (**Doc. 24**) and Defendant's Motion to Dismiss Plaintiff's Failure to Promote and Hostile Work Environment Claims (**Doc. 19**). Having reviewed the parties' briefs and oral argument, and the applicable law, the Court finds that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**Doc. 24**) is well taken in part, and therefore **GRANTED IN PART** and **DENIED IN PART**, and that Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment Claims (**Doc. 19**) is well taken, and therefore **GRANTED**, as herein described.

      As more fully described in the record, the Court finds that the language contained in the Collective Bargaining Agreement ("CBA") does not "clearly and unmistakably" require Plaintiff

Juanita Garcia ("Ms. Garcia") and other union members to arbitrate statutory claims of discrimination. *Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009). The CBA in this case, in pertinent part, provides that, "the City will not discriminate in its membership or employment practices with regard to race, national origin, age, sex, religion, color . . . and shall abide by all applicable Federal, State, and Municipal laws, rules, and regulations." Ex. A at p.7.

The Court looks to the Fifth Circuit case of *Ibarra v. United Parcel Service*, 695 F.3d 354 (5th Cir. 2012), which, while not controlling authority, provides persuasive reasoning and closely tracks the facts of this case. There, the court found that language in which the employer agreed not to discriminate "in violation of any federal or state law" was insufficient to waive Plaintiff's right to a judicial forum for statutory discrimination claims. *Id.* at 354. Defendant points to the Fourth Circuit case of *Safrit v. Cone Mills Corp.*, 248 F.3d 306 (4th Cir. 2001) in which the court upheld a CBA which contained the same "abide by" language used in the City's CBA. However, the CBA in *Safrit* incorporated specific federal statutes, providing "The parties further agreed [sic] that they will abide by all the requirements of Title VII of the Civil Rights Act of 1964." *Id.* at 307. Defendant also cites to another Fourth Circuit case, *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996). Similarly, however, the CBA in *Austin* specifically incorporates "the applicable provisions of the Americans with Disabilities Act." *Id.* at 879.

The CBA in this case is more similar to the CBA in *Ibarra*, as it contains a blanket affirmation to abide by all federal laws which the *Ibarra* court rejected as insufficient. This Court finds that the CBA in this case does not clearly and unmistakably require Ms. Garcia and union members to arbitrate statutory claims of discrimination, and thus, Ms. Garcia did not waive her right to bring her Title VII claims in a federal judicial forum. Therefore, Defendant's Motion as to this portion is **DENIED.**

Defendant's Motion (**Doc. 24**) also seeks dismissal of claims pre-dating a Settlement Agreement entered into between Ms. Garcia and the City on March 28, 2012. The Settlement Agreement agreed that "Ms. Garcia shall not be entitled to claim that any possible future promotion and/or employment decisions are the results of claimed discrimination and/or harassment pre-dating this agreement." Plaintiff argues that the Settlement Agreement bars only grievances and does not reach claims such as the Title VII claims Plaintiff brings in this case. This Court agrees with the Defendant and finds that the Settlement Agreement's language is broad enough to include claims such as those Ms. Garcia currently brings. Additionally, the Court looks to the commonsense notion that no parties would enter into Settlement Agreements if such language still entitled one party to bring a lawsuit encompassing the same claims that were agreed to be resolved through the Settlement Agreement. Thus, Ms. Garcia is barred from bringing claims based on evidence that pre-dates the March 28, 2012 Settlement Agreement. However, the Court does also note that incidents pre-dating the Settlement Agreement may potentially be used by Plaintiff at a later trial in order to provide contextual information regarding Ms. Garcia's employment history with the City of Farmington.

Finally, the Court turns to Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment Claims (**Doc. 19**). Ms. Garcia filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 19, 2014, alleging discrimination based on Sex, National Origin, and Retaliation. In the Charge, attached as Exhibit A to the City's Motion, Garcia alleged the earliest discrimination to begin on July 23, 2013 and the latest discrimination on February 10, 2014. She did not check the "Continuing Action" box. In the narrative section of the Charge, Garcia stated:

"On 4/01.09, I began my employment as an Operator Technician Trainee I, and my last position held was Operations Technician I. On February 10, 2013, I was terminated by the City

Manager (RM) for allegedly having performance issues. Furthermore, on July 23, 2013, I was issued a letter of reprimand by Michael Sims for ~~allegedly having performance issues with startups and shutdowns.~~ I believe I was subjected to disparate treatment to include but not limited that other similar situated male employees (SW) (Male) (White), (JH) (Male) (White) committed similar or same infractions and not terminated [sic]. Additionally, the two males (SW) (JH) were given more training for startups and shutdowns and given preferential treatment over me to start up the plant. My termination was pre-text for having previously filed EEOC charge 543-2010-01709, and for having filed a federal law suit involving discriminatory acts by Respondent.

I believe I am being discriminated against because of sex (female), national origin (Hispanic), and retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended." (The strike-through portion of the narrative section was crossed out and initialed by Ms. Garcia).
(**Doc. 19-1**).

The City argues that Ms. Garcia's EEOC Charge does not allege facts indicating a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. United Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998). Because a plaintiff normally "may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter" the City argues that Plaintiff has failed to exhaust her administrative remedies for her hostile work environment claims, and thus, they should be dismissed for lack of subject matter jurisdiction. *Simms v. Okla. Ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (abrogated in part on other grounds). Ms. Garcia counters that her EEOC Charge included, as an attachment, a July 23, 2014 Formal Letter of Reprimand (**Doc. 22-4**) of Ms. Garcia that alleged she had made a false accusation of harassment against a fellow employee. Along with the other allegations in her EEOC Charge, they collectively support an assertion of a hostile work environment. Plaintiff also argues that an administrative investigation into Ms. Garcia's EEOC Charge would have demonstrated the necessary elements of a hostile work environment.

The Court agrees with the Defendant that Ms. Garcia does not sufficiently allege a hostile work environment. Even reading the EEOC Charge liberally and construing the Formal Letter of Reprimand as designed to punish Ms. Garcia for her pending federal suit, the facts and allegations do not rise to the level of an environment "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. United Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998). An administrative investigation into a hostile work environment claim could not reasonably be expected to follow from Garcia's EEOC Charge in which she claims discrimination and retaliation. *See MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Thus, this Court finds that Plaintiff has failed to exhaust her administrative remedies for her hostile work environment claim. Accordingly, Ms. Garcia's hostile work environment claim is dismissed for lack of subject matter jurisdiction.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE