IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUANITA GARCIA,

    Plaintiff,

v.                                                                                   No. Civ. 15-00005 WJ/SCY

THE CITY OF FARMINGTON,

    Defendant.

**ORDER**

    THIS MATTER comes before the Court on Defendant's Motion to Strike Plaintiff's Expert Disclosure or Compel Complete Disclosure. ECF No 33. The Court having reviewed the motion, and being otherwise fully advised, will GRANT the motion in part and DENY the motion in part for the reasons set forth below.

**I.**      **Background**

    The Court's scheduling order set Plaintiff's expert disclosure deadline for November 13, 2015. ECF No. 18. On this date, Plaintiff disclosed to Defendant the expert report of Dr. Parkman, an economist retained to testify regarding Plaintiff's lost wages damages. After receiving the report, Defendant notified Plaintiff that it believed that the report was not in compliance with Fed. R. Civ. P. 26(a)(2)(B) because it did not provide the facts and data on which Dr. Parkman relied. ECF No. 40 at Ex. 1. Defendant further questioned whether there were additional exhibits which would be used to support or summarize Dr. Parkman's opinions and whether the information regarding Dr. Parkman's qualifications and previous cases he testified in was current. ECF No. 40 at Ex. 1. Throughout several exchanges with Defendant, Plaintiff eventually provided an amended expert report and supplemented its disclosures. In

filing this motion, however, Defendant maintains that Plaintiff has still not produced the facts or data Dr. Parkman relied on or the exhibits that will be used to summarize his opinions.[1] ECF No. 33. Defendant therefore contends that Dr. Parkman's report should be stricken and Plaintiff should be precluded from using Dr. Parkman as an expert witness in this case. ECF No. 42.

**II.     Analysis**

The dispute in this case centers on the parties' conflicting interpretations regarding the requirements of Fed. R. Civ. P. 26(a)(2)(b).  This provision states that the disclosure of an expert witness must be accompanied by a written report which includes, in pertinent part, "the facts or data considered by the witness" in forming his or her opinions and "any exhibits that will be used to summarize or support" the opinions.  *Id.* Defendant contends that this requires the expert to *produce* the documents and materials the expert relied on in forming their opinion at the time the expert discloses his or her report.  Plaintiff, on the other hand, argues that apart from identifying the facts and data relied on in the expert's report, there is no additional duty, absent a separate request for production directed toward the material, to simultaneously produce the materials. ECF No. 40.

Regardless of whether Defendant's or Plaintiff's interpretation is technically correct, both parties would assuredly agree that, under Fed. R. Civ. P. 26(a)(2)(b), facts and data considered by an expert witness are subject to discovery.  Bearing this in mind, it appears to the Court that no actual objection to the production of these materials was lodged, just to the timeframe for doing so.  After Plaintiff did not produce the materials simultaneous to disclosing the expert report, Defendant sent Plaintiff a request for production regarding the materials Dr. Parkman considered and any exhibits Plaintiff contemplated using in conjunction with his opinions.  ECF

---

[1] Defendant initially maintained in the motion that Plaintiff had also not disclosed a current list of cases in which Dr. Parkman provided testimony.  Defendant states in its reply brief that it is satisfied that this information has been provided.  ECF No. 42.

No. 40 at Ex. 3.  Plaintiff responded to the request for production shortly after briefing was completed on the present motion.  ECF No. 46.

Notwithstanding this fact, Defendant contends that the report should be stricken because Defendant has been prejudiced by Plaintiff's failure to disclose the materials with Dr. Parkman's report.  ECF No. 42.  Defendant contends that, without the materials, it was unable to determine whether it needed to retain its own expert and is now barred from doing so because the deadline for Defendant's expert disclosures has passed.  ECF No. 42.

The Court concludes, however, that striking Dr. Parkman's report is not the appropriate remedy at this time.  Instead, assuming Plaintiff provided Defendant with the requested materials in its response to Defendant's request for production, Defendant should be provided a reasonable extension of time with which to disclose its own economic expert should it choose to retain one.  Plaintiff indicated in correspondence with Defendant that it would not oppose such a request.  ECF No. 42 at Ex. 2.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosure or Compel Complete Disclosure is GRANTED in part and DENIED in part:

- If Plaintiff has not already produced the facts and data considered by Dr. Parkman in forming his opinions, as well as any exhibits that will be used to support or summarize his opinions, Plaintiff shall immediately produce these materials.

- Defendant shall be granted an extension until February 15, 2016 to disclose under Fed. R. Civ. P. 26(a)(2)(B) its economic expert witness, should it choose to retain one.

_____
UNITED STATES MAGISTRATE JUDGE