# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JUANITA GARCIA,

       Plaintiff,

v.                                       CV 15-00005 WJ/SCY

THE CITY OF FARMINGTON,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court upon Plaintiff's Rule 59(e) Motion for Reconsideration, filed December 7, 2016 (**Doc. 91**).   Having reviewed the motion, the Court finds there is no need for Defendant to respond, and that the motion is not well-taken and, accordingly, is **DENIED**.

### BACKGROUND

Ms. Garcia alleges she was unlawfully fired by the City of Farmington based on her gender and national origin.  Ms. Garcia, who is female and Hispanic, was fired for failing to maintain proper and safe control of the operating pressure at one of the City's combined-cycle steam and gas power plants.  The City filed a Motion for Summary Judgment on August 4, 2016, arguing it had a legitimate, nondiscriminatory business reason for terminating Ms. Garcia and that Ms. Garcia was unable to show the City's proffered reason was pretext for discriminatory motive.  (Doc. 74)  The Court granted the City's motion (Doc. 89) and subsequently entered judgment in favor of the City on November 10, 2016 (Doc. 90).  On December 7, 2016, Ms. Garcia filed a motion asking the court to reconsider its grant of summary judgment (Doc. 91).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration." However, the Tenth Circuit provides that such motions may be considered under Rule 59(e) or Rule 60(b), depending on the reasons expressed by the movant. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). A motion for reconsideration under Rule 59(e) is appropriate where, as Ms. Garcia argues here, the court has misapprehended the facts, a party's position, or the controlling law. *See id.*; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants*, 204 F.3d at 1012 (citation omitted). A motion to reconsider is inappropriate if it relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *See id.* (citation omitted). The decision to grant or deny a motion under Rule 59(e) is left to the sound discretion of the trial court. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

## DISCUSSION

Ms. Garcia first argues the Court misapprehended the facts and controlling law on whether a fact issue is created by eyewitness testimony regarding the sky valve. Next, Ms. Garcia continues that the Court misapprehended the facts and controlling law on whether Defendant had an honest belief Ms. Garcia was incapable of performing her job requirements; and made open and improper credibility determinations and weighed the evidence in deciding Ms. Garcia's motion for summary judgment. The Court will address each argument in turn.

## I.        Eyewitness Testimony Regarding Sky Valve Malfunction

Ms. Garcia argues she presented evidence the sky valve malfunctioned.  This evidence is her own deposition testimony, and that of her colleague Karen Reyes, that the sky valve malfunctioned.  Ms. Garcia claims the Court erred by determining her testimony could not withstand summary judgment on causation in light of the City's expert testimony.

Ms. Garcia appears to be the one misapprehending controlling law here.  When the subject matter is within the knowledge or experience of lay people, expert testimony is unnecessary; expert testimony is appropriate when it relates to issues that are beyond the understanding of people of ordinary experience. *See* Fed. R. Evid. 702.  In contrast, lay opinion testimony is limited to topics that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701.  With regards to lay testimony, "[t]he primary purpose of Rule 701 is to allow nonexpert witnesses to give opinion testimony when, as a matter of practical necessity, events which they have personally observed cannot otherwise be fully presented to the court or the jury." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979) (internal citation omitted). When a topic "requires special experience, only the testimony of a person of that special experience will be received." *Id.* at 848. "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Randolph,* 590 F.2d at 846). "[A] person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *LifeWise Master Funding v. Telebank*, 374 F.3d 917 (10th Cir. 2004).

Whether the sky valve malfunctioned is far removed from the province of lay people and is not a matter within realm of ordinary experience.  The Court already stated in its Memorandum Opinion and Order that such specialized knowledge regarding causation of the pressure incident required expert testimony.  *See* Doc. 89, at 19.  The functioning of a combined-cycle power plant requires technical and specialized knowledge rooted in engineering.  To properly give testimony as to what caused the pressure incident on January 21, 2014, and whether the incident was a malfunction or the result of operator error, Ms. Garcia must have been qualified to give such testimony.  *See James River*, 658 F.3d at 1214 (lay witness cannot opine on matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness).  Ms. Garcia must also have met the procedural requirements to give such testimony, which she failed to do as the Court previously noted in detail.  *See* Doc. 89, at 18–19.[1]  If Ms. Garcia herself did not wish to provide such testimony, she should have properly qualified Ms. Reyes, or a different witness, as an expert to opine on whether the sky valve malfunctioned, because the topic requires "special experience."  *See Randolph*, 590 F.2d at 848.

The cases Ms. Garcia relies upon are inapposite.  She points to two cases from other circuits, neither of which is controlling or precedential.  Moreover, the testimony at issue here is unlike the testimony in those cases.  For example, in *Edic ex rel. Edic v. Century Prod. Co.*, 364 F.3d 1276, 1281 (11th Cir. 2004), the plaintiffs proffered eyewitness testimony that their child flew out of his car seat at the moment of impact during a car crash and hit his head on the ceiling of the car.  Throughout trial, the judge repeatedly commented on the quality of the eyewitness' testimony.  For example, the judge stated that the witness' recollection seemed implausible

---

[1] Indeed, as the City pointed out in the Reply, Ms. Garcia failed to meet the procedural requirements to offer expert testimony on whether the pressure incident was due to operator error or a malfunction.  The Court will not revisit arguments it has already considered.

because of how quickly car accidents happen.  *See id.* at 1283.  The Eleventh Circuit held there was sufficient evidence to go to a jury based on the lay witness' testimony even though it contradicted the defendant's expert testimony.  *Id.* at 1283–84.  Specifically, a reasonable jury could have concluded the child was ejected from the car seat based on the eyewitness' testimony.

The type of testimony in *Edic* is completely unlike the testimony at issue here with regards to complex functioning of a combined-cycle plant that generates electricity.  A lay person may certainly opine on whether she saw a child fly out of a car seat; a lay person may not generally testify as to engineering matters and whether a piece of equipment that controls a power plant malfunctioned.  *See* Rule 701, 702, *James River Ins. Co.*, 658 F.3d at 1214.  Unlike in *Edic*, a jury here would not be able to draw a conclusion regarding whether the sky valve malfunctioned from its own ordinary experience.

Indeed, "while persons of reasonable intelligence and ordinary experience are uniformly permitted to express opinions as to matters such as the speed of an automobile under their observation," in this case it is essential that an qualified engineer or other expert testify regarding the complex, technical, and scientific matters related to combined-cycle power plant operation and sky valve functioning.  *See Randolph*, 590 F.2d at 848 (requiring expert testimony regarding design and safety of a pressure cooker); *see also Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (where the court held that Rule 701 does not permit lay witnesses to testify about matters that are necessarily predicated on "some specialized knowledge or skill or education that is not in the possession of the jurors").   Whether the sky valve malfunctioned required expert testimony and Ms. Garcia failed to offer expert testimony. The Court never reached any impermissible credibility determination, because Ms. Garcia's and Ms. Reyes' testimony never got to the point where it could be deemed credible or not in the first

place.  The Court never commented on whether it believes or disbelieves Ms. Garcia or whether her version of events is plausible.  Put simply, neither Ms. Garcia nor Ms. Reyes was qualified as an expert, so they are not permitted to opine as to whether the sky valve malfunctioned.  The Court stands by its finding that Ms. Garcia's lay opinion, no matter how vehement, will not defeat summary judgment in this instance.

## II.    Pretext and Credibility Determinations

Ms. Garcia next contends the Court incorrectly concluded she did not raise a fact issue with regards to the City's intent in firing her.  Ms. Garcia claims the Court either "grossly misapprehended the significance" of certain facts that she alleges show pretext, or the Court failed to consider those facts.  However, Ms. Garcia points to the same facts that she has already presented.  For example, she highlights the fact that the City never disciplined Ms. Garcia after the December 28, 2012 incident does not establish pretext.   The City never claimed the December incident was the sole reason for firing Ms. Garcia.  Rather, the City argued it was but one part of a larger pattern indicating Ms. Garcia was incapable of safely and independently operating APP, with potentially catastrophic consequences.  Ms. Garcia also points the Court to certain "facts" that the Court already decided it would not consider because Ms. Garcia failed to properly support those facts under the Court's local rules and the Federal Rules of Civil Procedure.  *See* Doc. 89, at 26–27.  The arguments regarding pretext that Ms. Garcia raises in the Motion for Reconsideration are not new.  A motion to reconsider is inappropriate if it relitigates the same issues or reargues the merits.  *Servants*, 204 F.3d at 1012.

Ms. Garcia continues that the Court's reliance on upon the City's "honest belief overstates the role of such belief on summary judgment."  She says she presented sufficient evidence to the Court to show the City's considerations in firing Ms. Garcia were "much more"

6

than the two pressure incidents relied upon.  Ms. Garcia points to the City's observation that Ms. Garcia was divisive and a continual source of frustration to show the City did not in fact believe it had just cause to fire Ms. Garcia, further showing pretext.  Ms. Garcia argues the Court improperly invaded the province of the jury, which is to determine the City's intent.  Again, Ms. Garcia already presented these arguments regarding pretext in response to the Motion for Summary Judgment.  Ms. Garcia failed to show pretext because she failed to present evidence the City's stated reason for the termination was false.  *See Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 714 (10th Cir. 2014).  Even though Ms. Garcia presented a litany of reasons for why she claims the City's explanations were false, those reasons do not cast doubt on the City's conclusion that after not one, but two demonstrated failures to control pressure and comply with a fundamental job requirement, Ms. Garcia could no longer safely be employed at the City's power plant.  *See Medley v. Polk Co.*, 260 F.3d 1202, 1208 (10th Cir. 2001) ("Discrimination statutes allow employers to discharge employees for almost any reason whatsoever (even a mistaken but honest belief) as long as the reason is not illegal discrimination.  Thus when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection.").

Moreover, the Court did not engage in impermissible credibility determinations.  To the contrary, the Court explicitly reasoned its "duty is not to decide whether the City was correct in firing Garcia. Rather, its task is to determine whether the City terminated her for illegally discriminatory reasons."  Doc. 89, at 23.  The Court considered the facts in the light most favorable to Ms. Garcia, and in doing so, concluded she did not establish pretext.  *See Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) (to establish pretext, "simply disbelieving the employer is insufficient"); *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303,

1310 (10th Cir. 2005) ("To raise an inference of pretext in the face of the employer's legitimate, nondiscriminatory explanation, the plaintiff must undermine the employer's credibility to the point that a reasonable jury could not find in its favor.").  Even viewing the facts most favorably to Ms. Garcia, she did not cast sufficient doubt on the City's nondiscriminatory reason for the termination.

The Court will not reconsider what it has already carefully considered.  Ms. Garcia's Motion does not demonstrate that the Court misapprehended the law, facts, or parties' positions. Accordingly, the Court stands by its previous ruling, and denies Plaintiff's Rule 59(e) Motion for Reconsideration.  Finally, Ms. Garcia's recourse at this stage of the proceeding is to file an appeal of the Court's ruling granting summary judgment in favor of Defendant.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE